UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| GARDNER BRADLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 12-0080 (RJL) |
| | ) | |
| UNITED STATES PAROLE COMMISSION, *et al.*, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION**
January __16__, 2013

FILED
JAN 1 7 2013
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

This matter is before the Court on Defendants' Motion for Summary Judgment [Dkt. #11].[1] For the reasons discussed below, the motion will be granted.

I. BACKGROUND

In the Superior Court of the District of Columbia, plaintiff was convicted of assault on a police officer and destruction of property. *See* Defs.' Corrected Mot. for Summ. J. [Dkt. #12] ("Defs.' Mot."), Attach. 1 (Sentencing Monitoring Computation Data as of 12-15-2010). On completion of his prison term, on or about February 1, 2011, plaintiff began to serve a five-year term of supervised release under the supervision of the Court Services and Offender Supervision Agency ("CSOSA"). *See* Compl. at 1-2 [Dkt. #4] (page numbers designated by ECF); Defs.' Mot., Attach. 5 (Certificate of Supervised

---

[1] Plaintiff's motion for judgment and for appointment of counsel [Dkt. #17] will be denied as moot.

1

Release dated January 11, 2011). Based on a 1988 conviction in South Carolina for sexual misconduct with a minor, *see* Compl., Ex. (Sex Offender Registration Information), the United States Parole Commission ("USPC") imposed the following special condition:

> [Y]ou shall be subject to the Special Sex Offender Aftercare Condition. You shall participate in an in-patient or out-patient mental health program as directed by your Supervision Officer, with special emphasis on long-term sex offender testing and treatment. You are expected to acknowledge your need for treatment and to participate in good faith in achieving the program goals that will be established for you.

*Id.*, Ex. (excerpt from Certificate of Supervised Release).

Details of the South Carolina conviction came to the attention of Anthony Hinton, plaintiff's Community Supervision Officer ("CSO"):

> An investigation into [plaintiff's] criminal history reflects that in 1989 he was convicted of Second Degree Criminal Conduct with a Minor. This officer . . . contacted the South Carolina Department of Probation and Parole and requested information relative to the sex offense committed by [plaintiff]. The information was forwarded . . . by email. It is to be noted that the victim of the offense was [plaintiff's] 12 year old cousin. [Plaintiff] fondled the victim and placed her mouth on his penis. The Presentence Report from the South Carolina Department of Probation, Parole and Pardon Services, along with other documents [were made available for the USPC's] review. It is of significance to note that [plaintiff] has been required to register as a sex offender under DC law.

Defs.' Mot., Attach. 6 (Letter from Anthony Hinton, CSO, CSOSA, to Rhonda Moore, Case Analyst, USPC, dated May 5, 2011) at 1; *see id.* (Presentence Investigation Report

prepared by Youthful Offender Services Branch of the South Carolina Department of Probation, Parole and Pardon Services dated January 11, 1989). Based on this information, CSO Hinton recommended that the conditions of plaintiff's supervised release be modified to include the following:

> No contact with minors . . . without the Approval of your Community Supervision Officer.

*Id.*, Attach. 6 (May 5, 2011 Letter from Hinton to Moore) at 1. Plaintiff was notified of the proposed modification. Over plaintiff's objection, *see id.*, Attach. 7 (Modification of Release Conditions) at 2, the USPC approved the following modification:

> You shall have no contact with any child under age 18, including your own children and step-children, except with the prior written approval of your [CSO]. This prohibition includes any volunteer work or employment in which you would have contact with children under age 18. You shall provide your [CSO] with the name, address, and phone number of any person whom you date or with whom you socialize, if the person is responsible for the care of a child under age 18. You shall immediately report any unauthorized contact with a child under 18 to your [CSO], but in no event later than 24 hours from the contact.

*Id.*, Attach. 8 (Notice of Action dated June 13, 2011) at 1.

Plaintiff reportedly refused to participate in sex offender treatment. *See generally id.*, Attach. 9 (Alleged Violation(s) Report dated November 1, 2011) at 2. He chose to discharge himself from two treatment programs in 2011. *See id.*, Attach. 9 at 3. Plaintiff "was . . . referred to The Center for Clinical and Forensic Services Incorporated (CCFS) for a psychosexual risk assessment to determine his risk for continued criminal sexual

behavior and his need for sex offender treatment." *Id.* Although plaintiff purportedly began the assessment phase, he refused to sign forms required for his continued participation. *Id.* CSO Hinton concluded that plaintiff "poses a potential risk to community safety based on his criminal history that includes a sex offense against a minor," and thus recommended a Reprimand and Sanctions Hearing. *Id.* at 4. The hearing took place on November 30, 2011, at which time plaintiff was ordered to "undergo a psychosexual risk assessment to determine whether [he is] a candidate for sex offender treatment." Compl., Ex. (USPC Reprimand and Sanctions Hearing dated November 30, 2011).

Plaintiff subsequently explained that he has participated in a sex offender assessment interview and has undergone and passed a sexual history polygraph test. Objection to Summ. J. Filed by the U.S. Attorney Office for District of Columbia [Dkt. #14] at 4. He represented that he has been excused from further assessment interviews, *id.*, and that neither the USPC nor CSOSA "is currently . . . requiring [him] to undergo any sex offender treatment" notwithstanding the conditions set forth in the January 11, 2011 Certificate of Supervised Release. Pet. for a Judgment of the Legal Controversy Being Moot or a Pleading for the Appointment of Counsel by the Court [Dkt. #17] at 2.

## II. DISCUSSION

### *A. Summary Judgment Under Rule 56 of the Federal Rules of Civil Procedure*

The Court grants summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."

Fed. R. Civ. P. 56(a). A material fact is one "that might affect the outcome of the suit under the governing law," and further, a court will consider a dispute as genuine if "the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A party opposing summary judgment "is obligated to produce affirmative evidence supporting the challenged aspects of his claims by affidavit or other competent evidence." *Mulhern v. Gates*, 525 F. Supp. 2d 174, 186 (D.D.C. 2007). He must "do more than simply show that there is some metaphysical doubt as to the material facts," *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986), and he cannot create a genuine dispute by relying on conclusory assertions without any factual basis in the record. *See Ass'n of Flight Attendants–CWA v. U.S. Dep't of Transp.*, 564 F.3d 462, 465-66 (D.C. Cir. 2009).

    *B. The USPC Is Authorized to Impose and Modify Conditions of Supervised Release*

Plaintiff does not dispute the fact of his South Carolina conviction. However, he erroneously "believes that [the USPC] is abusing its authority" by imposing conditions on the terms of his supervised release based on a 24-year old conviction. Compl. at 3. He noted that the Superior Court did not include or authorize sex offender treatment as a part of his criminal sentence. *See id.* And because the offenses of conviction are not sex offenses, and absent a designation by the Superior Court that he is a sexual psychopath, plaintiff has objected to long-term sex offender treatment. *See id.* at 2-3.

The USPC has jurisdiction over an offender serving a term of supervised release imposed by the Superior Court.[2] D.C. Code § 24-133(c)(2) (providing that supervised releasees are under CSOSA supervision and are "subject to the authority of the [USPC] until completion of the term of supervised release"); id. § 24-403.01(b)(6) ("Offenders on supervised release shall be subject to the authority of the [USPC] until completion of the term of supervised release."); see Foster v. Wainwright, 820 F. Supp. 2d 36, 38-39 (D.D.C. 2011). It may impose, modify or add to conditions of supervised release. See, e.g., Taylor v. U.S. Parole Comm'n, 860 F. Supp. 2d 13, 15 (D.D.C. 2012); Denson v. United States, 918 A.2d 1193, 1195 (D.C. 2006); see also 28 C.F.R. §§ 2.204, 2.218(a). Furthermore, the USPC's administrative authority over the execution of a sentence, see Maddox v. Elzie, 238 F.3d 437, 445 (D.C. Cir. 2001), and its exercise of such authority in no way usurps the authority of the Superior Court. See, e.g., Smallwood v. U.S. Parole Comm'n, 777 F. Supp. 2d 148, 150 (D.D.C. 2011).

In short, the USPC had the authority to impose and to modify the conditions of plaintiff's supervised release.

### III. CONCLUSION

There is no genuine issue of material fact in dispute, and plaintiff has not countered the USPC's showing that it is entitled to judgment as a matter of law.

---

[2] Supervised release is considered the functional equivalent of parole. See Anderson v. U.S. Parole Comm'n, No. 10-1451, 2010 WL 5185832, at *2 (D.D.C. Dec. 22, 2010) ("For most purposes, supervised release is the functional equivalent of parole and the law pertaining to the revocation of parole is applicable to the revocation of supervised release.") (citations omitted); see also Jones v. United States, 669 A.2d 724, 727 (D.C. 1995) ("A supervised release revocation hearing is the functional equivalent of a probation or parole revocation hearing.").

Accordingly, the Court will grant summary judgment for defendant. An Order is issued separately.

/s/ Richard J. Leon
RICHARD J. LEON
United States District Judge